UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| BRIAN REAM | ) | CASE: A21-51127-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The Trustee requests a copy of Debtor's 2020 tax return in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

3.

The voluntary petition was filed in the name of Brian Ream; however, the individual filing bankruptcy is Brian Michael Ream. The petition must be corrected to reflect the proper party filing Chapter 13.

4.

The Chapter 13 schedules fail to include complete employment information for the Debtor, thereby preventing the Trustee from evaluating the feasibility of the Chapter 13 plan in violation of 11 U.S.C. Section 1325(a)(6).

5.

The Trustee requests proof of the payments to Shellpoint for a debt on a trailer and a copy of Debtor's Divorce Decree in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Debtor proposes to pay child support of $600.00 directly to the recipient. The Chapter 13 Trustee requests proof of post-petition child support payments in order to determine feasibility of the plan. 11 U.S.C. Section 1325(a)(6).

7.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, there are no dependents in the household.

8.

The Debtor's pay advices indicate that the Debtor's income and payroll deductions differ from Schedule I. The Trustee requests that the Schedules be amended to reflect this income or additional documentation to support the currently filed Schedules be remitted to the Trustee. 11 U.S.C. Section 101(10A), 11 U.S.C. Section 1325(b)(6) and 11 U.S.C Section 1325(a)(3).

9.

According to Schedule I, the Debtor's income has increased substantially from the income used to calculate the current monthly income on Official Form 122C. As a result, it does not appear that the Debtor is contributing all projected disposable income to the unsecured creditors as required under 11 U.S.C. Section 1325(b)(1)(B) and In Re Lanning.

10.

The Debtor's pay advices indicate that the Debtor's income is greater than the income reflected on the Official Form 122C. The Trustee requests proof of the Debtor's income during the six (6) months prior to filing. 11 U.S.C. Section 101(10A) and 11 U.S.C. Section 1325(b)(6) and 11 U.S.C. Section 1325(a)(3).

11.

Pursuant to information received by the Chapter 13 Trustee, the Debtor's household size is one (1), not two (2). Official Form 122C-1 provides the incorrect household size, thereby preventing the Trustee from determining the applicable commitment period and/or monthly disposable income in violation of 11 U.S.C. Section 1325(b)(3) and 11 U.S.C. Section 1325(b)(4).

12.

The Debtor proposes a zero percent (0%) composition plan while proposing to pay an automobile debt of $45,970.71, thereby indicating a lack of good faith in proposing the repayment plan in violation of 11 U.S.C. Section 1325(a)(3). The Debtor is contributing an excessive amount of disposable income toward the automobile purchase which could otherwise benefit the unsecured creditors in violation of 11 U.S.C. Section 1325(b)(1)(B).

13.

The Debtor may receive income tax refunds during the applicable commitment period. These funds could assist the Debtor in completing the case and could be projected disposable income for unsecured creditors. The Debtor's plan fails to provide for these refunds to be paid to the plan during the applicable commitment period. 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(b)(1)(B).

14.

The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 17th day of March, 2021.

                                                 Respectfully submitted,

                                                 /s/_____
                                                 Julie M. Anania
                                                 Attorney for the Chapter 13 Trustee
                                                 State Bar No. 477064

# CERTIFICATE OF SERVICE

Case No:  A21-51127-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

BRIAN REAM
2100 SHILOH VALLEY DR.
KENNESAW, GA  30144

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

LAW OFFICE OF MATTHEW T. BERRY & ASSOCIATES

This the 17th day of March, 2021.

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201